IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| SUSAN KOVACS MATHEWS, | CASE NO. 1:18 CV 0667 |
| Plaintiff, | |
| v. | MAGISTRATE JUDGE WILLIAM H. BAUGHMAN, JR. |
| COMMISSIONER OF SOCIAL SECURITY ADMINISTRATION, | |
| Defendant. | **MEMORANDUM OPINION & ORDER** |

## Introduction

Before me[1] is an action by Susan Kovacs Matthews under 42 U.S.C. § 405(g) for judicial review of the final decision of the Commissioner of Social Security denying her applications for disability insurance benefits ("DIB") and supplemental security income ("SSI").[2] Because the Commissioner's no disability finding lacks substantial evidence, this matter is reversed and remanded for further administrative proceedings consistent with this opinion

## Issue Presented

The ALJ must give a treating physician's opinions of controlling weight or, alternatively, give good reasons for lesser weight assigned. The ALJ gave the opinions of the treating neurologist no weight. He gave the opinions of the state agency reviewing

---

[1] ECF No. 23. The parties have consented to my exercise of jurisdiction.
[2] ECF No. 1.

physicians great weight. But he incorporated greater physical limitation in the residual functional capacity ("RFC") than the reviewing physicians opined. The reviewing physicians' opinions predate the treating source's opinions. Does substantial evidence support the weight assigned to the treating source opinion?

**Analysis**

This is a straight-forward case in which Matthews challenges the weight assigned to the opinion of her treating neurologist, Dr. Vakili of the Cleveland Clinic.

The Sixth Circuit in *Gayheart v. Commissioner of Social Security*[3] emphasized that the regulations require two distinct analyses in evaluating the opinions of treating sources.[4] The *Gayheart* decision directed that the ALJ must first determine if the opinion must receive controlling weight as well-supported by clinical and laboratory techniques and as not inconsistent with other evidence in the administrative record.[5] If the ALJ decides not to give the opinion controlling weight, then a rebuttable presumption exists that the treating physician's opinion should receive great deference.[6] This presumption may be rebutted by application of the factors set forth in 20 C.F.R. §§ 404.1527(c)(2)(i)-(ii), (3)-(6).[7] The Court cautioned against collapsing these two distinct analyses into one.[8]

---

[3] *Gayheart v. Comm'r of Soc. Sec.*, 710 F.3d 365 (6th Cir. 2013).
[4] *Id.* at 375-76.
[5] *Id.* at 376.
[6] *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 242 (6th Cir. 2007).
[7] *Gayheart*, 710 F.3d at 376.
[8] *Id.*

2

Despite the seemingly clear mandate of *Gayheart*, the Sixth Circuit in later decisions has adopted an approach that permits these two separate analyses to be merged into one so long as the ALJ states "good reasons" for the weight assigned, applying the regulatory factors governing each analytical step.[9] Also, despite the reality that a unified statement of these "good reasons" greatly enhances meaningful judicial review,[10] some authority exists for looking outside the unified statement for analysis of the weight assigned to a treating source's opinion.[11] Going beyond the reasons stated in the unified statement takes the Court in the hazy gray area where the sirens of *de novo* review and *post hoc* rationalization reside. A reviewing district court must avoid both. An ALJ cannot avoid reversal by merely citing exhibits in the record that might support her findings without discussing the content of those exhibits and explaining how that content provides support.[12] Nor can counsel for the Commissioner save a decision from reversal by citing to evidence in the record not cited and adequately discussed by the ALJ.[13] It is for the ALJ, not the court or Commissioner's counsel, to "build a logical bridge from the evidence to the conclusion."[14]

---

[9] *E.g., Biestek v. Comm. of Soc. Sec.*, 880 F.3d 778, 785 (6th Cir. 2017).
[10] *Smith v. Comm. of Soc. Sec.*, No. 5:13cv870, 2104WL1944247, at **7-8 (N.D. Ohio May 14, 2014).
[11] *See, e.g., Heston v. Comm'r of Soc. Sec.*, 245 F.3d 528 (6th Cir. 2001).
[12] *Smith*, 2104WL1944247, at *7.
[13] *Sharp v. Comm'r of Soc. Sec.*, No. 1:14-cv-523, 2015 WL 3545251 (S.D. Ohio June 4, 2015) (citing *Keeton v. Comm'r of Soc. Sec.*, 583 F. App'x 515, 524 (6th Cir. 2014)), *report and recommendation adopted by* 2015 WL 3952331 (S.D. Ohio June 29, 2015).
[14] *Hale v. Colvin*, No. 3:13cv182, 2014 WL 868124, at *8 (S.D. Ohio March 5, 2014).

"Put simply, . . . there must be some effort . . . to explain why it is the treating physician's conclusion that gets the short end of the stick."[15]

With these principles in mind, I turn to the treatment of Dr. Vakili's opinions.

Dr. Vakili gave two opinions, one on December 18, 2015, and a second one on March 6, 2017.[16] Both are consistent. These opinions support a disability finding based on limitations with fingering and handling and sustainability (the need for frequent breaks, time off task, and absences). Dr. Vakili's treating relationship with Matthews began in January 2015 and extended through March 2017 for purposes of this record. From time to time, Matthews saw two other providers at the Cleveland Clinic, Drs. Khan (her primary care physician) and Mazon (a rheumatologist).

The state agency reviewing sources, whose opinions the ALJ gave great weight, did not review either of Dr. Vakili's opinions. The state agency sources had the benefit of some of the treatment notes of the Cleveland Clinic physicians through approximately May 2015.[17] Despite giving these opinions great weight, the ALJ found Matthews capable of a more restrictive RFC – sedentary[18] – than the state reviewing sources opined (light).[19]

---

[15] *Friend* v. *Comm'r of Soc. Sec.*, 375 F. App'x 543, 552 (6th Cir. 2010).
[16] ECF No. 13, Transcript ("Tr.") at 349-51, 440-42.
[17] *Id.* at 60-62, 73- 75, 88-90, 99-101.
[18] *Id.* at 17.
[19] *Id.* at 70, 83, 96, 107.

4

The ALJ discussed Dr. Vakili[20] and Matthews's course of treatment generally.[21] Matthews amended her onset date at the hearing to April 2014, which coincides with the onset of her treating relationship with Dr. Khan.[22]

The ALJ found Matthews's depression not severe and included no mental limitations in the RFC.[23] Although Matthews's treating sources diagnosed depression, and Dr. Vakili included that in his opinions, the impairments causing the limitations, according to Dr. Vakili's opinions, are rheumatoid arthritis, lumbar degenerative disc disease, tendonitis of the ankles, hallux valgus of the feet, and migraines, all of which the ALJ found severe.[24]

The vocational expert ("VE") testified that the limitations on the use of the hands and absences, off-task behavior, and breaks opined by Dr. Vakili would preclude a significant number of jobs in the national economy.[25]

The bottom line is whether substantial evidence supports the ALJ's assignment of "no weight" to Dr. Vakili's opinions. To reach this conclusion in favor of the ALJ, the medical records would have to paint a vastly different picture from the one put forward in the decision – and that is not the case here. Admittedly, the treatment notes show some good days and bad days. Matthews's attorney argues that any improvement was short-

---

[20] *Id.* at 21.
[21] *Id.* at 18-20.
[22] *Id.* at 14, 17.
[23] *Id.* at 15, 17.
[24] *Id.* at 14.
[25] *Id.* at 56-57.

lived and longitudinally the medical evidence supports the limitations assigned by Dr. Vakili. Since January 2015, only two visits support that Matthews experienced improvement in her systems. The overwhelming medical evidence in the record from January 2015 through January 2017 reflects that Matthews continued to experience severe headaches, migraines, and rheumatoid arthritis pain.

The only reason the ALJ gave in support of assigning "no weight" to Dr. Vakili's opinions is that the opinions were "unsupported and inconsistent with the record as a whole."[26] There are no source opinions contemporary to those of Dr. Vakili. The state agency reviewing sources did not have the benefit of Dr. Vakili's opinions or the bulk of Dr. Vakili's treatment notes. Yet the ALJ assigned the state agency reviewing sources opinions great weight, while undercutting that weight by rejecting their opinions favoring light work and adopting a sedentary RFC. Dr. Vakili's opinions matter because had the ALJ given them controlling or substantial weight, there would be no jobs Matthews could perform according to the VE.

The ALJ improperly discounted Dr. Vakili's opinions by cherry-picking the record, focusing only on the medical evidence supportive of the RFC while ignoring the multiple office visits reflecting continued complaints of pain, rheumatoid arthritis symptoms, headaches, and migraines – medical records which support that Matthews's migraines and rheumatoid arthritis were not under control. The weight the ALJ assigned to Dr. Vakili's opinions lacks substantial evidence. Remand is required.

---

[26] *Id.* at 21.

## Conclusion

The ALJ's no disability finding lacks substantial evidence. This matter is reversed and remanded for further administrative proceedings consistent with this opinion. On remand, the ALJ must properly weigh Dr. Vakili's opinions and articulate good reasons for the weight assigned.

IT IS SO ORDERED.

Dated: April 29, 2019          s/ William H. Baughman, Jr.
United States Magistrate Judge